# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-477V
Filed: November 3, 2025

| | |
|---|---|
| TIMOTHY RIESE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for petitioner.
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

  On November 8, 2024, petitioner moved for an award of interim attorneys' fees and costs in the amount of $186,368.24, including $128,419.70 in attorneys' fees and $57,948.54 in costs. (ECF No. 91, pp. 1-3.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $180,593.01.

### I. Procedural History

  On April 1, 2019, petitioner filed this claim, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that he suffered ulcerative colitis and cavernous venous thrombosis as a result of his July 17, 2017 Tdap and Hepatitis A vaccinations. (ECF No. 1.) The case was originally assigned to another special master and subsequently reassigned to the undersigned in August of 2019. (ECF Nos. 4, 13-14.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Petitioner filed medical records in April and July of 2019 (ECF Nos. 7-9, 12), and respondent filed his Rule 4 Report recommending against compensation in June of 2020 (ECF No. 24).  Thereafter, petitioner filed an expert report by gastroenterologist John Cromwell, M.D., as well as additional medical records.  (ECF Nos. 27-30.)  Respondent filed a responsive report by gastroenterologist Randy Longman, M.D., in January of 2021.  (ECF No. 33.)  The parties exchanged another round of expert reports in March of 2021.  (ECF Nos. 35-36.)  In May of 2021, I issued a Rule 5 order, providing preliminary guidance to the parties.  (ECF No. 37.)  Petitioner subsequently filed a report by rheumatologist and immunologist S. Sohail Ahmed, M.D. (ECF Nos. 39, 43-45), as well as a supplemental report by Dr. Cromwell (ECF Nos. 48-49), and respondent filed a report by immunologist John Bates, Ph.D. (ECF No. 47), as well as a supplemental report by Dr. Longman (ECF No. 46).  After two further rounds of reports by Drs. Ahmed and Bates (ECF Nos. 58-59, 64-65, 67, 72, 78), an entitlement hearing was held in September of 2024.

Following the hearing, petitioner filed the instant motion seeking an award of interim attorneys' fees and costs.  (ECF No. 91.)  Respondent filed a response to petitioner's motion on November 12, 2024, in which he deferred to the special master to determine whether petitioner has met the legal standard and statutory requirements for an award of interim fees and costs.  (ECF No. 92, p. 2.)  He requested that the special master exercise "discretion and determine a reasonable award for interim attorneys' fees and costs" in this case.  (*Id.* at 4.)  Petitioner did not file a reply.

## II.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Avera*, 515 F.3d at 1352.  In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  *Id.*  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.

In sum, awards of interim fees and costs are discretionary and are intended to avoid undue hardship. Here, petitioner stresses the length of time this case has been pending, the amount of fees and costs that have been incurred, and the uncertain time until resolution, as favoring an interim award. (ECF No. 91, pp. 3-4.) Considering all of this, I exercise my discretion to allow an interim award at this time.

### III.     Reasonableness of the Requested Award

####    a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation marks omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19-21 (Fed. Cl. Spec. Mstr. Sep. 1, 2015), *motion for recons. den'd*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sep. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and later years can be accessed online.[2]

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing the overall fee award by 10% due to excessive and duplicative billing); *Raymo v. Sec'y of Health &*

---

[2] Each of the Fee Schedules can be accessed https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017 and later are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

3

*Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing the overall fee award for Domengeaux Wright and the Andry Law Group by 20% and 40%, respectively, due to excessive and duplicative billing), *mot. for rev. den'd*, 129 Fed. Cl. 691 (2016).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 209 (2009).

Here, counsel's requested hourly rates are largely reasonable and consistent with what has been awarded in prior cases.[3]  *Juranek v. Sec'y of Health & Human Servs.*, No. 19-226V, 2025 WL 464218, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2025); *Myers v. Sec'y of Health & Human Servs.*, No. 21-1205V, 2024 WL 5297986, at *3 (Fed. Cl. Spec. Mstr. Dec. 5, 2024); *Musselman v. Sec'y of Health & Human Servs.*, No. 22-1149V, 2024 WL 4969291, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2024); *Dycke v. Sec'y of Health & Human Servs.*, No. 18-106V, 2024 WL 1617307, at *2 (Fed. Cl. Spec. Mstr. Feb. 1, 2024).  However, a careful review of the billing records shows an April 16, 2020 billing entry representing 0.8 hours of paralegal work performed by Joyce Westphal at a rate of $170 per hour.  (ECF No. 91, p. 10.)  All other paralegal work performed in 2020, including further work performed by Joyce Westphal,[4] was billed at an hourly rate of $160.  (*Id.* at 10-11.)  As such, the hourly rate of $170 for the April 16, 2020 billing entry appears to have been entered in error.  Additionally, counsel has not substantiated an increase in the hourly rate for this entry.  Accordingly, this work will be compensated at an hourly rate of $160, which is consistent with the rest of the remainder of the billing entries for paralegal work performed in 2020 and with what has been awarded in prior cases.  *See, e.g.*, *Fulling v. Sec'y of Health & Human Servs.*, No. 18-1549V, 2022 WL 3023505, at *2 (Fed. Cl. Spec. Mstr. July 11, 2022); *Antalosky v. Sec'y of Health & Human Servs.*, No. 16-701V, 2022 WL 363916, at *5 (Fed. Cl. Spec. Mstr. Jan. 24, 2022).  This results in a reduction of $8.

The number of hours bills are also largely reasonable with a few exceptions.  A careful review of the billing records indicates several instances of duplicative and/or

---

[3] Specifically, Edward Kraus billed at a rate of $409 per hour for work performed in 2018, $418 per hour for work performed in 2019, $435 per hour for work performed in 2020, $458 per hour for work performed in 2021, $472 per hour for work performed in 2022, $497 per hour for work performed in 2023, and $525 per hour for work performed in 2024.  (ECF No. 91, pp. 1-2.)  Amy Kraus billed at a rate of $327 per hour for work performed in 2018, $334 per hour for work performed in 2019, $365 per hour for work performed in 2020, $384 per hour for work performed in 2021, $414 per hour for work performed in 2022, $436 per hour for work performed in 2023, and $460 per hour for work performed in 2024.  (*Id.* at 2.)  Brynna Gang billed at a rate of $300 per hour for work performed in 2020 and $412 per hour for work performed in 2024.  (*Id.*)  Additionally, petitioner requests the following hourly rates for paralegal work completed in this case: $145 for work performed in 2018 and 2019, $160 and $170 for work performed in 2020 through 2022, $165 and $177 for work performed in 2023, and $186 for work performed in 2024.  (*Id.*)

[4] On April 16, 2020, paralegal Joyce Westphal billed 0.8 hours at an hourly rate of $170 for "complet[ing] and send[ing] new affidavit regarding records to client with instructions," as well as a further 0.2 hours at an hourly rate of $160 for "Correspondence with client: Email to client attaching new documents to complete and instructions re: completion of documents."  (ECF No. 91, p. 10.)

excessive billing,[5] as well as billing for administrative/clerical tasks.[6]  *See Pomeroy v. Sec'y of Health & Human Servs.*, No. 23-104V, 2025 WL 1891863, at *3 (Fed. Cl. Spec. Mstr. June 6, 2025) ("In determining a fees award, a special master has discretion to exclude hours expended that are 'excessive, redundant, or otherwise unnecessary,' based on the special master's 'experience or judgment.'" (internal quotation marks omitted) (quoting *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011))); *Young v. Sec'y of Health & Human Servs.*, No. 23-1297V, 2025 WL 2409171, at *1 (Fed. Cl. Spec. Mstr. July 14, 2025) ("Attorneys . . . may not separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts."); *Wang v. Sec'y of Health & Human Servs.*, No. 16-1211V, 2020 WL 2500119, at *2 (Fed. Cl. Spec. Mstr. Apr. 20, 2020) ("[I]t is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program.").  Accordingly, the undersigned finds that a 2% reduction in the overall attorneys' fees requested is appropriate.[7]  Petitioner is therefore awarded interim

---

[5] For example, a non-exhaustive list of relevant billing entries includes:  An August 19, 2024 billing entry by Amy Kraus for 0.4 hours spent to "review respondents prehearing brief to determine issues for reply"; an August 19, 2024 billing entry by Edward Kraus for 0.5 hours spent to "review respondent's prehearing brief and assess whether a reply is warranted"; and an August 21, 2024 billing entry by Brynna Gang for 0.5 hours spent to "review respondent's pre hearing memorandum."  (ECF No. 91, p. 21.)  No reply was ultimately filed.  In another example, Amy Kraus billed 1.10 hours on June 20, 2024, to "prepare for call with DOJ to discuss factual issues for hearing," and Edward Kraus billed a further 0.5 hours on that same day to "review expert reports and docket to prepare for phone call with DOJ re: prehearing matters."  (*Id.* at 18.)  Notably, the billing records indicate that only Mr. Kraus participated in the phone call with DOJ that took place that same day.  (*Id.*)  Counsel is cautioned that multiple attorneys, especially senior level attorneys, billing in overlapping fashion can lead to inefficiency and excessive billing.  *See, e.g.*, *Grossmann v. Sec'y of Health & Human Servs.*, No. 18-13V, 2024 WL 706874, at *2 (Fed. Cl. Spec. Mstr. Jan. 26, 2024).

[6] For example, a non-exhaustive list of relevant billing entries includes:  A September 23, 2020 billing entry by paralegal Amanda Ramos for 0.4 hours spent to "Finalize and prepare Notice of Filing, Exhibit List, and medical literature for filing and electronically submit for filing to the Court ECF system," a July 1, 2021 billing entry by paralegal Joyce Westphal for 0.8 hours to "Prepare for filing: Dr. Ahmed med references added to exhibit list," and an April 27, 2023 billing entry by paralegal Amanda Ramos for 0.7 hours to "Prepare medical literature to meet the ECF system filing requirements."  (ECF No. 91, pp. 11, 13, 16.)  Moreover, there are some entries that reflect paralegal activity, such as email correspondence regarding scheduling and review of expert invoices, that were billed at an attorney rate.  (*Id.* at 16-17.)

[7] It should be noted that counsel billed 1 hour at a rate of $460 per hour on October 30, 2024, to "edit rates all users for Motion for Fees" and a further 3.5 hours at a rate of $460 per hour on October 31, 2024, to "Edit hours - all users 2018-2024 for Motion for Interim Fees."  (ECF No. 91, p. 25.)  These entries do not include sufficient detail for the undersigned to determine if the activity is compensable, much less compensable at an attorney rate.  Additionally, paralegal Amanda Ramos billed 2.10 hours at a rate of $186 per hour on November 7, 2024, to "Prepare excel spreadsheet of attorneys' fees from the fee invoice and prepare a pivot table in order to display a breakdown of attorney fees, rates, and time spent by each year to be included with Petitioner's Motion for Interim Attorneys' Fees and Costs for the Court's review."  (*Id.* at 26.)  However, no such pivot table has been included in petitioner's filings, and overhead costs are not compensable in the Vaccine Program.  *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *17 (Fed. Cl. Spec. Mstr. June 15, 2009) ("Fees for items that constitute overhead are not properly billed to a client, are not reasonable, are administrative in nature, and are not compensable in the Program.").  Although not included in the instant reduction, the undersigned cautions that similar billing entries may not be compensated in the future.

attorneys' fees in the reduced amount of $125,843.47, accounting for the reductions discussed herein.[8]

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Upon my review, the requested costs are largely reasonable and adequately documented. *Stolec v. Sec'y of Health & Human Servs.*, No. 19-195V, 2023 WL 7222624, at *3 (Fed. Cl. Spec. Mstr. Sep. 13, 2023) (awarding expert fees for Dr. Ahmed at a rate of $500 per hour). However, invoices for work performed by Dr. Cromwell, as well as work performed by Dr. Ahmed in 2024, include requested rates that exceed the rates that have been awarded to these experts in prior cases.

First, Dr. Cromwell's invoices present a total of 31.99 hours, accounting for reviewing medical records, research, and drafting three expert reports, as well as providing expert testimony during the entitlement hearing, billed at a rate of $600 per hour. (ECF No. 91, pp. 38, 74, 82-83, 90.) The number of hours billed by Dr. Cromwell appear reasonable; however, with regard to Dr. Cromwell's requested rate, the undersigned was only able to locate one prior case addressing a reasonable rate for work performed by Dr. Cromwell. *See Jackson v. Sec'y of Health & Human Servs.*, No. 16-1194V, 2022 WL 17852498 (Fed. Cl. Spec. Mstr. Nov. 30, 2022). In *Jackson*, Special Master Dorsey found Dr. Cromwell's requested rate of $600 per hour to be "excessive in this particular case," noting that his theory was not well suited to the facts and circumstances of the case and that the petitioner had not offered any evidentiary support to show that the requested rate was reasonable. *Id.* at *2. Instead, Special Master Dorsey awarded Dr. Cromwell's expert fees at a rate of $500 per hour, which she found to be reasonable given her experience in the program and the work product submitted in that case. *Id.* In the instant case, petitioner has also failed to present any evidence to support the reasonableness of Dr. Cromwell's requested rate of $600 per hour. Accordingly, I exercise my discretion to reduce Dr. Cromwell's rate from $600 to $500 for expert services performed on this case. This results in a reduction of $3,199, from $19,194 to $15,995. This reduction does not preclude an increase in Dr. Cromwell's rate if substantiated in the future.

Second, Dr. Ahmed's invoice dated September 12, 2024, presents a total of 32.57 hours, accounting for time spent preparing for the entitlement hearing, billed at a rate of $550 per hour, while his invoice, dated February 2, 2024, presents a total of

---

[8] I note a January 16, 2020 billing entry by Mr. Kraus for 0.2 hours spent "edit[ing] response to motion to dismiss." (ECF No. 91, p. 10.) No motion to dismiss has ever been docketed in this case; however, this billing entry appears to have been entered in error and likely refers to petitioner's response to respondent's motion for extension, which was docketed that same day.

22.77 hours at a rate of $500 per hour.  (ECF No. 91, pp. 86-89.)  Again, petitioner has not provided any evidence in support of the reasonableness of this rate increase.[9]  However, given his performance in this specific case, I exercise my discretion to award Dr. Ahmed's fees in full.

### IV.     Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.**  Petitioner is awarded interim attorneys' fees and costs in the reduced amount of $180,593.01, representing $125,843.47 in interim fees and $54,749.54 in interim costs.

**Accordingly, petitioner is awarded interim attorneys' fees and costs in the total amount of $180,593.01 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[10]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[9] I note that the requested hourly rate of $550 is on the higher end of what has typically been awarded to immunology experts.  *See, e.g.*, *Ray v. Sec'y of Health & Human Servs.*, No. 20-321V, 2025 WL 2780387, at *4 (Fed. Cl. Spec. Mstr. Sep. 5, 2025) (noting that immunologist Dr. Akbari has "consistently been awarded a rate of $500 per hour for his work in the Program"); *Santiago v. Sec'y of Health & Human Servs.*, No. 21-1562V, 2024 WL 5321763, at *4 (Fed. Cl. Spec. Mstr. Dec. 18, 2024) (awarding an hourly rate of $500 to immunologist Dr. Akbari for work completed in 2024); *Gapen v. Sec'y of Health & Human Servs.*, No. 19-422V, 2023 WL 7221396, at *3 (Fed. Cl. Spec. Mstr. Sep. 8, 2023) (noting that "[i]mmunologists with extensive Vaccine Program experience have regularly been awarded $500.00 per hour for their work").

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.